UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SILVIA REGINA CARRANZA, *et al.*, )
)
    Plaintiffs, )
)
v. ) Cause No. 3:17-cv-215 RLM-MGG
)
DEPARTMENT OF CHILD SERVICES )
OF ST. JOSEPH COUNTY, *et al.*, )
)
    Defendants. )

## OPINION AND ORDER

Silvia Regina Carranza moved to proceed in forma pauperis in litigation against the Department of Child Services of St. Joseph County and of Kosciusko County, and the State of Indiana. Chief Judge Theresa Springmann recognized that Ms. Carranza is unable to prepay the filing fee, 28 U.S.C. § 1915(a)(1), but required her to file a complaint by April 28, 2017 so the court could determine if Ms. Carranza adequately states a claim, § 1915(e)(2)(B); Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999) ("The district court may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim."). Ms. Carranza mailed her complaint to the court in time to meet Judge Springmann's deadline. The case was then transferred to the undersigned judge.

The same standard applies under § 1915(e)(2)(B) as in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. *See* EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007).

The court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of Ms. Carranza. *See* Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). "Specific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The court will interpret Ms. Carranza's complaint liberally because she's litigating without counsel. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012).

Ms. Carranza claims that the Department of Child Services didn't follow its own procedures and brought an unsubstantiated neglect case against her, defaming and humiliating her. According to Ms. Carranza, the department seems to have based its case on how she provided medical care to her child, who had a medical condition requiring continued care. She says she provided medical evidence to the department, but the department didn't follow appropriate administrative review procedures. She says it didn't visit Ms. Carranza's home for an evaluation, it based a report on incorrect information collected while the children were staying at their grandmother's house, and it never visited the grandmother's house. She claims that because the department didn't follow its

own procedures, it endangered her children. She also says the department altered over three hundred records.

Ms. Carranza says her children were denied their right to medical care, and that the department violated their rights, particularly the Equal Protection and Due Process Clauses of the Fourteenth Amendment, 42 U.S.C. § 1983; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e; the Americans with Disabilities Act, 42 U.S.C. § 12132; and section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a). She asks for $42 million in damages, injunctive relief, and costs.

For the Americans with Disabilities Act and Rehabilitation Act claims, Ms. Carranza doesn't explain whether she has a disability. If she has a disability, she doesn't explain whether the department denied her benefits as a result of that disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). She also doesn't allege facts indicating that the department failed to reasonably accommodate a disability. Oconomowoc Residential Programs v. City of Milwaukee, 300 F.3d 775, 783 (7th Cir. 2002). She doesn't allege facts indicating that the department intentionally discriminated against her on the basis of a disability. *See* Swanson v. Citibank, N.A., 614 F.3d 400 (7th Cir. 2010); Gile v. United Airlines, Inc., 95 F.3d 492 (7th Cir. 1996). She also doesn't show that the department's policies disparately impacted individuals with disabilities. *See* Bennett v. Roberts, 295 F.3d 687, 698 (7th Cir. 2002). For her Title VII claims, Ms. Carranza doesn't argue that she's subject to any sort of employment discrimination. For her Equal Protection Clause claim, Ms. Carranza doesn't argue facts showing that the department

3

intentionally discriminated against her based on a protected status. *See* Vill. of Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252 (1977).

Last, the Eleventh Amendment bars both the Equal Protection and Due Process claims. The Eleventh Amendment provides that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. . . . This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100 (1984) (internal quotation and citations omitted). Suits against state agencies, like the Department of Child Services, are also barred by the Eleventh Amendment. Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin., 603 F.3d 365, 370 (7th Cir. 2010).

Section 1983 doesn't help Ms. Carranza get around this problem. It provides that "[e]very person who, under color of . . . [law] subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983. Because Congress didn't intend for Section 1983 to disturb states' Eleventh Amendment immunity, states are not "persons" liable for money damages under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 64 (1989). This principle extends to governmental entities and agencies, like the Department of Child Services, that are considered to be "arms of the state." *Id.* at 70; Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin., 603 F.3d at 370 ("If properly raised, the [Eleventh A]mendment bars

4

actions in federal court against a state, state agencies, or state officials acting in their official capacities."). A district court can dismiss a case based on Eleventh Amendment immunity even if the defendants haven't argued it. Ind. Prot. & Advocacy Servs. v. Ind. Family & Social Servs. Admin., 603 F.3d at 370. As a result, Ms. Carranza can't sue the Department of Child Services or the State of Indiana for the alleged constitutional violations.

For these reasons, Ms. Carranza's motion for leave to proceed in forma pauperis [Doc. No. 1] is DENIED and her case is DISMISSED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED: June 12, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court

cc: Silvia Regina Carranza